# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MICHELE NELSON, | )<br>) |
| Plaintiff, | )<br>) Civil Action No.:<br>) 2:26-cv-10345-LJM-CI |
| v. | )<br>) |
| L J ROSS ASSOCIATES INC., | ) **L J Ross's Answer and**<br>) **Affirmative Defenses to**<br>) **Class Action Complaint** |
| Defendant. | )<br>) |

Defendant, L J Ross Associates, Inc. ("LJ Ross"), through counsel and pursuant to the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to the Class Action Complaint (Doc. 1) filed by Plaintiff, Michele Nelson ("Plaintiff"), and states as follows:

## Nature of this Action

1. The TCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 1 state otherwise, and as calling for a legal conclusion, they are denied.

2. LJ Ross admits Plaintiff purports to bring claims under the TCPA but denies any violations, liability, damages, or wrongdoing to the extent alleged in ¶ 2.

3. LJ Ross denies the allegations in ¶ 3 as calling for a legal conclusion.

4. LJ Ross denies the allegations in ¶ 4.

## Jurisdiction and Venue

5. LJ Ross denies the allegations in ¶ 5 as calling for a legal conclusion.

6. LJ Ross denies the allegations in ¶ 6 as calling for a legal conclusion.

7. LJ Ross denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

8. LJ Ross admits it is a Michigan corporation with an office in this district. Except as specifically admitted, LJ Ross denies the allegations in ¶ 8 as calling for a legal conclusion.

## Parties

9. LJ Ross denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

10. LJ Ross admits the allegations in ¶ 10.

## The Telephone Consumer Protection Act

11. The TCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 11 state otherwise, and as calling for a legal conclusion, they are denied.

12. The TCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 12 state otherwise, and as calling for a legal conclusion, they are denied.

13. The TCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 13 state otherwise, and as calling for a legal conclusion, they are denied.

14. The TCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 13 state otherwise, and as calling for a legal conclusion, they are denied.

**Factual Allegations**

15. LJ Ross denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

16. LJ Ross admits the account placed with LJ Ross (the "Account") pursuant to which certain calls to a telephone number beginning (517) 769-XXX (the "Number") were made was not in the name of Plaintiff. Except as specifically admitted, LJ Ross denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

17. LJ Ross admits the Account pursuant to which calls to the Number were made was not in the name of Plaintiff. Except as specifically admitted, LJ Ross denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

18. LJ Ross admits it placed certain calls to the Number between September and November 2025. Except as specifically admitted, LJ Ross denies the allegations in ¶ 18.

19. LJ Ross admits it placed certain calls to the Number between September and November 2025 from the number (800) 530-3790. Except as specifically admitted, LJ Ross denies the allegations in ¶ 19.

20. LJ Ross admits it placed certain calls to the Number on September 11, September 22, September 23, and October 14, 2025. Except as specifically admitted, LJ Ross denies the allegations in ¶ 20.

21. LJ Ross admits its records reflect the calls on September 11, September 22, September 23, and October 14, 2025, were not answered. Except as specifically admitted, denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. LJ Ross admits its records reflect it placed a call to the Number on October 20, 2025. Further responding, LJ Ross denies the call was answered. LJ Ross's records reflect the call was not answered. Except as specifically admitted, LJ Ross denies the allegations in ¶ 22.

23. LJ Ross denies the allegations in ¶ 23.

24. LJ Ross denies the allegations in ¶ 24.

25. LJ Ross denies the allegations in ¶ 25.

26. LJ Ross denies the allegations in ¶ 26.

27. LJ Ross admits it placed calls in connection with an unpaid balance on the Account. Except as specifically admitted, LJ Ross denies the allegations in ¶ 27 as calling for a legal conclusion.

28. LJ Ross admits it placed certain calls to the Number on October 21, October 22, and November 13, 2025. Except as specifically admitted, LJ Ross denies the allegations in ¶ 28.

29. LJ Ross admits its records reflect the calls on October 21, October 22, and November 13, 2025, were not answered. Except as specifically admitted, denies the allegations in ¶ 29 for lack of knowledge or information sufficient to form a belief therein.

30. LJ Ross admits its records reflect it placed a call to the Number on November 14, 2025. Further responding, LJ Ross denies the call was answered. LJ Ross's records reflect the call was not answered. Except as specifically admitted, LJ Ross denies the allegations in ¶ 30.

31. LJ Ross denies the allegations in ¶ 31.

32. LJ Ross denies the allegations in ¶ 32.

33. LJ Ross denies the allegations in ¶ 33.

34. LJ Ross admits it placed a call to the Number on November 18, 2025. Except as specifically admitted, LJ Ross denies the allegations in ¶ 34.

35. LJ Ross admits its records reflect the call on November 18, 2025, was not answered. LJ Ross did not place calls to the Number on December 4 or December 5, 2025. Except as specifically admitted, LJ Ross denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein.

36. LJ Ross admits the Account was not in Plaintiff's name. Except as specifically admitted, LJ Ross denies allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

37. LJ Ross denies the allegations in ¶ 37.

38. LJ Ross denies the allegations in ¶ 38 as calling for a legal conclusion.

39. LJ Ross denies the allegations in ¶ 39.

40. LJ Ross denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

41. LJ Ross admits the allegations in ¶ 41 upon information and beleif.

42. LJ Ross denies the allegations in ¶ 42.

43. LJ Ross denies the allegations in ¶ 43.

## Class Action Allegations

44. LJ Ross realleges and reasserts the foregoing as if fully stated therein.

45. LJ Ross admits Plaintiff purports to bring TCPA claims on behalf of a class but denies any violations, liability, damages, or wrongdoing to the extent

alleged in ¶ 45 and further denies this lawsuit meets the requirements of a class action.

46. LJ Ross admits Plaintiff purports to bring TCPA claims on behalf of the defined class but denies any violations, liability, damages, or wrongdoing to the extent alleged in ¶ 46 and further denies this lawsuit meets the requirements of a class action.

47. LJ Ross denies the allegations in ¶ 47 and further denies this lawsuit meets the requirements of a class action.

48. LJ Ross admits Plaintiff purports to exclude the referenced individuals from the proposed class but denies any violations, liability, damages, or wrongdoing to the extent alleged in ¶ 48 and further denies this lawsuit meets the requirements of a class action.

49. LJ Ross denies the allegations in ¶ 49 and further denies this lawsuit meets the requirements of a class action.

50. LJ Ross denies the allegations in ¶ 50 and further denies this lawsuit meets the requirements of a class action.

51. LJ Ross denies the allegations in ¶ 51 and further denies this lawsuit meets the requirements of a class action.

52. LJ Ross denies the allegations in ¶ 52 and further denies this lawsuit meets the requirements of a class action.

53. LJ Ross denies the allegations in ¶ 53 and further denies this lawsuit meets the requirements of a class action.

54. LJ Ross denies the allegations in ¶ 54 and further denies this lawsuit meets the requirements of a class action.

55. LJ Ross denies the allegations in ¶ 55 and further denies this lawsuit meets the requirements of a class action.

56. LJ Ross denies the allegations in ¶ 56 and further denies this lawsuit meets the requirements of a class action.

57. LJ Ross denies the allegations in ¶ 57 and further denies this lawsuit meets the requirements of a class action.

58. LJ Ross denies the allegations in ¶ 58 and further denies this lawsuit meets the requirements of a class action.

59. LJ Ross denies the allegations in ¶ 59 and further denies this lawsuit meets the requirements of a class action.

60. LJ Ross admits the allegations in ¶ 60 but denies this lawsuit meets the requirements of a class action.

61. LJ Ross admits the allegations in ¶ 61 but denies this lawsuit meets the requirements of a class action.

62. LJ Ross denies the allegations in ¶ 62 as calling for a legal conclusion and further denies this lawsuit meets the requirements of a class action.

63. LJ Ross denies the allegations in ¶ 63 and further denies this lawsuit meets the requirements of a class action.

64. LJ Ross denies the allegations in ¶ 64 and further denies this lawsuit meets the requirements of a class action.

65. LJ Ross denies the allegations in ¶ 65 and further denies this lawsuit meets the requirements of a class action.

66. LJ Ross denies the allegations in ¶ 66 and further denies this lawsuit meets the requirements of a class action.

67. LJ Ross denies the allegations in ¶ 67 and further denies this lawsuit meets the requirements of a class action.

68. LJ Ross denies the allegations in ¶ 68 and further denies this lawsuit meets the requirements of a class action.

69. LJ Ross denies the allegations in ¶ 69 and further denies this lawsuit meets the requirements of a class action.

70. LJ Ross admits Plaintiff has not suffered any damages but otherwise denies this lawsuit meets the requirements of a class action.

71. LJ Ross denies the allegations in ¶ 71 and further denies this lawsuit meets the requirements of a class action.

72. LJ Ross denies the allegations in ¶ 72 and further denies this lawsuit meets the requirements of a class action.

73. LJ Ross denies the allegations in ¶ 73 and further denies this lawsuit meets the requirements of a class action.

## Count I
### [Alleged] Statutory Violations of the Telephone Consumer Practice Act (47 U.S.C. § 227(b)(1)(B) and/or (b)(1)(A)(iii)) on behalf of the Robocall Class)

74. LJ Ross realleges and reasserts the foregoing as if fully stated herein.

75. LJ Ross denies the allegations in ¶ 75.

76. LJ Ross denies the allegations in ¶ 76.

77. LJ Ross denies the allegations in ¶ 77.

78. LJ Ross denies the allegations in ¶ 78.

### Prayer for Relief

79. LJ Ross denies Plaintiff is entitled to the relief sought.

### Demand for Jury Trial

80. LJ Ross admits Plaintiff has demanded a jury trial but denies any violations, liability, or wrongdoing under the law. Except as specifically admitted, LJ Ross denies the allegations in the unnumbered paragraph entitled "Demand for Jury Trial."

### AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to assert some or all of the claims because she was not the intended recipient of the calls and/or was not the called party within the meaning of the TCPA.

2. LJ Ross did not use an "automatic telephone dialing system" (ATDS) or artificial or prerecorded voice as defined by the TCPA or controlling case law, including *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021).

3. The calls at issue were not telephone solicitations but were instead placed in connection with a debt collection effort and, therefore, exempt the regulations relied upon by Plaintiff.

4. LJ Ross acted in good faith and did not willfully or knowingly violate any provision of the TCPA. Any alleged violations were inadvertent or the result of bona fide error despite the maintenance of procedures reasonably adapted to avoid such errors.

5. Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of LJ Ross, or for whom LJ Ross is not responsible or liable.

6. Assuming that plaintiff suffered any damages, which is denied, Plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

7. One or more of the telephone calls may not have been to a wireless, *i.e.*, cellular telephone.

8. The telephone calls made by LJ Ross are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b), and 47 C.F.R. § 64.1200(a).

9. To the extent Plaintiff has a business relationship with the creditor, this business relationship extends to LJ Ross, the creditor's debt collector.

10. Plaintiff may have consented to receiving telephone calls for the account at issue.

11. LJ Ross called Plaintiff on the number that Plaintiff may have given to the creditor.

12. LJ Ross called Plaintiff on the number that the creditor gave to LJ Ross.

13. Plaintiff's claims may be barred, in whole or in part, by the equitable doctrine of unclean hands, including but not limited to conduct undertaken with the intent of manufacturing a claim under the TCPA.

14. LJ Ross reserves the right to assert additional defenses as they become known through discovery and investigation.

WHEREFORE, Defendant, L J Ross Associates Inc., LLC, respectfully requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Dated: March 16, 2026                    Respectfully submitted,

                                                  */s/ Bradley J. St. Angelo*
                                                  Bradley J. St. Angelo

          Sessions, Israel & Shartle, LLC
          3838 N. Causeway Blvd., Suite 2800
          Metairie, Louisiana 70002
          Telephone: (504) 828-3700
          Facsimile: (504) 828-3737
          Email: bstangelo@sessions.legal

*Attorney for Defendant,*
*L J Ross Associates Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Michigan and served via CM/ECF upon all parties.

          */s/ Bradley J. St. Angelo*
          Bradley J. St. Angelo